

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-15-2002

# USA v. Hughes-Irabor

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Hughes-Irabor" (2002). *2002 Decisions.* Paper 393.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/393

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-3227


UNITED STATES OF AMERICA

v.

JAMES HUGHES-IRABOR
aka
Leslie J. Critchlow-Hughes

James Hughes-Irabor,

Appellant


On Appeal from the United States District Court
for the District of Delaware
D.C. Crim. No. 00-00067
Honorable Gregory M. Sleet, District Judge


Submitted under Third Circuit LAR 34.1(a)
July 11, 2002

BEFORE: SCIRICA and GREENBERG, Circuit Judges,
and FULLAM, District Judge*

(Filed: July 15, 2002)


*Honorable John P. Fullam, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.


OPINION OF THE COURT


GREENBERG, Circuit Judge.

James Hughes-Irabor appeals from the judgment of conviction and sentence
entered July 27, 2001, following his plea of guilty to an information charging him with
conspiracy to commit wire fraud in violation of 18 U.S.C. 371. The district court
imposed a 30-month sentence to be followed by a three-year term of supervised release
and ordered him to pay restitution of $355,000. It waived the fine.

In imposing the sentence, the district court determined that the total offense level
was 17 and the criminal history category was I, a combination yielding a sentencing
range of 24 to 30 months. In reaching the total offense level, the district court included a
2-level enhancement under U.S.S.G. 2F1.1(b)(4) (now U.S.S.G. 2B1.1(b)(7)) which
provides for an increase in the level if the offense involved "a misrepresentation that the
defendant was acting on behalf of a charitable, educational, religious or political

organization."  Hughes-Irabor appeals, raising the sole contention that the district court erred in determining that he was subject to the 2-level enhancement under section 2F1.1(b)(4).

We note initially that the parties dispute our standard of review.  Hughes-Irabor asserts that the district court erred as a matter of law in finding section 2F1.1(b)(4) applicable and thus contends that our scope of review is thus de novo.  The government, while acknowledging that the underlying facts are not in dispute, contends that "the factual conclusion to be drawn from those underlying facts, i.e. whether the defendant misrepresented that he was acting on behalf of a religious organization," brief at 12-13, are in dispute so that this appeal includes both a factual component subject to review for clear error and a legal component subject to plenary review.  See United States v. Bennett, 161 F.3d 171, 190 (3d Cir. 1998).  We will assume without deciding that Hughes-Irabor is correct and thus will exercise plenary review on this appeal.

We are satisfied that the enhancement was appropriate here.  While Hughes-Irabor acknowledges making reference to his religious faith during the dealings in which the extraordinary scheme culminating in the fraud were played out here, we are satisfied that his conduct went beyond such a mere reference and plainly came within the guideline.

The judgment of conviction and sentence entered July 27, 2001, will be affirmed.

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/ Morton I. Greenberg
Circuit Judge